## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

**JENNI M. GEAR, CANDESE A. HAWKINS and SHAMIKA L. POLLARD, individually and on behalf of all those similarly situated**

    Plaintiffs,

v.                                            Case No: 5:15-cv-495-Oc-CEMPRL

**VISTA CLINICAL DIAGNOSTIC, LLC.**

    Defendant.

## REPORT AND RECOMMENDATION[1]

This matter is before the Court on Plaintiffs' motion for conditional certification. (Doc. 25). Defendant has filed a response in opposition. (Doc. 29). For the reasons discussed below, I submit that Plaintiffs' motion should be **GRANTED.**

**I. INTRODUCTION**

On September 28, 2015, Plaintiffs, Jenni M. Gear, Candese A. Hawkins, and Shamika L. Pollard, all of whom worked as Billing Representatives for Defendant Vista Clinical Diagnostic, LLC filed this action under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, *et. seq*., to recover unpaid overtime compensation allegedly owed to them and all similarly situated persons who are and/or were employed by Defendant as Billing Representatives at the office in Clermont, Florida. (Doc. 1). Laura Peake and Terry Rode, both of whom were also Billing

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Representatives, subsequently joined this action as Plaintiffs by filing their written consent. (Docs. 23, 31).

In addition to their collective claims as Billing Representatives, Plaintiff Hawkins and Plaintiff Pollard also assert individual claims related to other jobs they held at Vista. In Count II, Plaintiff Hawkins asserts that Vista failed to pay her overtime wages for the time during which she worked as a dispatcher. In Count III, Plaintiff Pollard alleges that she was misclassified as exempt for the time during which she worked as a lead Billing Representative. Neither of these individual claims are at issue in the motion for conditional certification.

## II.     CONDITIONAL CLASS CERTIFICATION

"The FLSA authorizes collective actions against employers accused of violating the FLSA." *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d1233, 1258 (11th Cir. 2008) (citing 29 U.S.C. §216(b)). Specifically, pursuant to 29 U.S.C. §216(b), "'[a]n action . . . may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." *Id*. To maintain a collective action, Plaintiffs must demonstrate that they are "similarly situated" to the opt-in Plaintiffs with respect to their job requirements and with regard to their pay provisions. *Dybach v. State of Fla. Dept. of Corrections*, 942 F.2d 1562, 1567-68 (11th Cir. 1991). To demonstrate this, an opt-in plaintiff "need show only that their positions are similar, not identical, to the positions held by the putative class members." *Hipp v. Liberty Nat. Life Ins. Co.,* 252 F.3d 1208, 1217 (11th Cir. 2001)(quoting *Grayson v. K Mart Corp.,* 79 F.3d 1086, 1096 (11th Cir. 1996).

The Eleventh Circuit has "suggested that district courts deciding whether to certify a collective action [under §216(b)] engage in a two-stage analysis . . . ." *Anderson*, 488 F.3d at 952 (citing *Hipp*, 252 F.3d at 1218). The first determination is made at the so-called "notice stage" -

- i.e., when the district court makes a decision whether notice of the action should be given to potential class members. *Hipp*, 252 F.3d at 1218 (citing *Mooney v. Aramco Servs. Co.,* 54 F.3d 1207, 1216 (5th Cir. 1995)).[2] In making this decision, the court must first "satisfy itself that there are other employees ... [(1)] who desire to 'opt-in' and [(2)] who are 'similarly situated' with respect to their job requirements and with regard to their pay provisions." *Chung v. Affordable Battery, Inc.*, Case No. 12–60612–CIV, 2012 WL 3759029, 1 (S.D. Fla. Aug. 29, 2012) (quoting *Dybach*, 942 F.2d and 1567). At the first stage, the Court's certification decision is based primarily on pleadings and affidavits, and the Court applies a "fairly lenient standard" in determining whether the plaintiffs are similarly situated. *Anderson v. Cagle's Inc.*, 488 F.3d 945, 953 (11th Cir. 2007)

If the district court "conditionally certifies" the class, putative class members are given notice and the opportunity to "opt-in." *Id*. The action then proceeds as a representative action throughout discovery. *Id*. The second stage usually occurs at the end of discovery upon the defendant's motion for decertification of the class. *Id*. At this second stage, the Court has much more information on which to base its decision, and makes a factual determination on the similarly situated question. *Id*. If the claimants are similarly situated, the district court allows the representative action to proceed to trial; and if not, the district court decertifies the class, the opt-in plaintiffs are dismissed without prejudice and the original plaintiffs proceed to trial on their individual claims. *Id.*

---

[2] The initial decision to conditionally certify and the decision to notify potential collective action members should be treated as synonymous. *Morgan v. Family Dollar Stores, Inc.,* 551 F.3d 1233, 1261 n.40 (11th Cir. 2008).

### III. DISCUSSION

At the conditional certification stage, Plaintiffs must show that there are other employees who desire to "opt-in" and who are "similarly situated." *Dybach v. Fla. Dep't of Corr.,* 942 F.2d 1562, 1567-68 (11th Cir. 1991). The named plaintiffs must show only a "reasonable basis" for their claim that there are other similarly situated employees. *Morgan v. Family Dollar Stores, Inc.,* 551 F.3d 1233, 1260 (11th Cir. 2008). Although the standard is "fairly lenient" and "flexible," Plaintiffs must offer more than counsel's unsupported assertions. *Id.* At this stage, courts do not review the underlying merits of the action. *Pares v. Kendall Lakes Auto., LLC*, No. 13-20317-CIV, 2013 WL 3279803, at *3 (S.D. Fla. June 27, 2013).

#### A. *The Employees are Substantially Similar*

For purposes of defining the "similarly situated class", Plaintiffs need only show that the defined class is comprised of representatives who are similarly situated to them with respect to their "job requirements and pay provisions." *See Dybach,* 942 F.2d at 1568. In determining whether Plaintiffs have met their burden, courts consider (1) whether the plaintiffs all held the same job title; (2) whether they worked in the same geographic location; (3) whether the alleged violations occurred during the same time period; (4) whether the plaintiffs were subjected to the same policies and practices, and whether these policies and practices were established in the same manner and by the same decision-maker; and (5) the extent to which the actions which constitute the violations claimed by plaintiffs are similar. *Gonzalez v. Winn-Dixie Stores, Inc*., Case No. 14-20792-CIV-ALTONAGA, 2014 WL 4665468, at * 3 (S.D. Fla. Sept. 18, 2014) (internal citations omitted).

The Complaint alleges that the named Plaintiffs – Pollard, Gear, and Hawkins – and all other similarly situated Billing Representatives, held the same job title at the same location and

were paid an hourly wage. (Doc. 1 at ¶50). The Complaint further alleges that they were subjected to the same illegal policies and practices – i.e., Vista instructed employees to work "off the clock," instructed employees not to report overtime, had employees work beyond their scheduled shift, and changed employee timesheets to deprive them of overtime. (*Id.* at ¶43). The Complaint further alleges that Plaintiffs and all other similarly situated Billing Representatives often worked in excess of forty hours a week but were not properly compensated. (*Id.* at ¶¶ 55-56).

In support of the instant motion, all three named Plaintiffs filed declarations with similar assertions regarding their job requirements, pay provisions, and overtime policies. (Doc. 25-1). Pollard states that she was employed as a Billing Representative at the Clermont office from July 2012 through June 2014 and then again from July 2015 until October 8, 2015. Gear states that she was employed as a Billing Representative at the Clermont office from May 20, 2013 through March 18, 2015. Hawkins avers that she worked as a Billing Representative at the Clermont location from February 16, 2015 through June 22, 2015. All three Plaintiffs explained that their job duties included creating and sending facility invoices, auditing patient records and verifying insurance; and they were paid an hourly rate.

They state that Vista had a common policy of having Billing Representatives work overtime without being properly paid for it. Specifically, they assert that Billing Representatives had a voluminous amount of invoices to complete on a daily basis; that it was often impossible to complete the invoices within the eight-hour shift; that management instructed them to clock-out of the timekeeping system at the end of the day and keep working; that they were required to clock-out of the system for lunch even though they did not take a lunch break or it was interrupted; that they were required by management to work on weekends without closing into the timekeeping

system; that the overtime hours they reported were not reflected in their pay; that Vista had a policy of reallocating hours worked between different weeks to ensure that Billing Representatives did not go over forty hours in a given workweek; and that they worked numerous weeks without receiving proper overtime because of these policies. Gear and Hawkins further state that they observed management, specifically Ms. Victoria Tilton, change time records to reflect that no overtime had been worked.

Opt-in Plaintiffs, Laura Peake and Terry Rode filed Consents to Join in which they also described similar job duties, pay provisions, and overtime policies. (Docs. 23-1, 31-1). Peake avers that she worked as a Billing Representative for Vista at its Clermont location from February 17, 2015 through September 3, 2015; Rode avers that he worked as a Billing Representative for Vista at its Clermont location from February 16, 2014 through January 8, 2016. They both assert that they had a voluminous amount of invoices to complete on a daily basis; that they were paid an hourly rate; and that they were subject to Vista's policy of having Billing Representatives work overtime without being properly paid for it. (Doc. 23-1). Specifically, they similarly aver that they were subject to Vista's common policies such as: (1) requiring Billing Representatives to clock-out for lunch even though they did not take a lunch break or their break was interrupted; (2) reallocating work hours between different work weeks to ensure that Billing Representatives did not exceed forty hours in a given week; and (3) changing Billing Representatives' time records to reflect that no overtime hours were worked.

Despite these similarities, Defendant nonetheless argues that Plaintiffs cannot establish that they are similarly situated to other Billing Representatives because Pollard also worked as a lead Billing Representative and Gear was employed as a dispatcher. However, as discussed *supra,* Plaintiffs seek conditional certification solely as to their claims that they were not paid overtime

while employed as Billing Representatives. Accordingly, the fact that they held additional jobs at Vista and that their dates worked as Billing Representatives do not fully overlap does not convince me that conditional certification is not warranted. *See e.g., Vondrisa v. Premier Mortg. Funding, Inc.*, 564 F.Supp.2d 1330, 1335 (M.D. Fla. 2007) ("[v]ariations in specific duties, job locations, working hours, or the availability of various defenses are examples of factual issues that are not considered at [the notice] stage.").

Accordingly, I submit that the pleadings and evidence submitted by Plaintiffs is sufficient at the notice stage to meet their burden of showing that the proposed class of Billing Representatives are "similarly situated."

### B. Other Individuals Seek to Join the Suit

Plaintiffs also have the burden of demonstrating "a reasonable basis" for the assertion that there are other employees who desire to opt-in. *Haynes v. Singer Co.,* 696 F.2d 884, 887 (11th Cir.1983); *Ramos v. Burger King Corp.,* No. 8:11–cv–642–T–30MAP, 2011 WL 4634024, at *1 (M.D. Fla. Oct.6, 2011). This burden is not onerous, *Alequin v. Darden Rest., Inc.,* No. 12–61742–CIV, 2013 WL 3939373, at *4 (S.D. Fla. July 12, 2013), and "[t]he number of plaintiffs necessary to demonstrate a desire to opt in is not many, sometimes as few as two, three, or four." *Lemming v. Security Forces, Inc., No. 8:10-cv-1469-T-26AEP,* 2010 WL 5058532, at *1; *see also, Brooks v. A Rainaldi Plumbing, Inc.*, No. 6:06-cv-631-Orl-31DAB, 2006 WL 3544737, at *2 (M.D. Fla. Dec. 8, 2006) ("Even a single affidavit or consent to join submitted by another individual stating that they are similarly situated and wish to join the suit is enough to bring the Plaintiff's contentions above pure speculation."). "Evidence of other employees who desire to opt in may be based on affidavits, consents to join the lawsuit, or expert evidence on the existence of other similarly-situated employees." *Rodgers v. CVS Pharmacy, Inc.,* No. 8:05–CV770T–

27MSS, 2006 WL 752831, at *3 (M.D. Fla. March 23, 2006) (citing *Davis v. Charoen Pokphand (USA), Inc.,* 303 F. Supp .2d 1272, 1277 (M.D.Ala.2004)).

Here, the named Plaintiffs have all filed declarations stating that they worked as Billing Representatives at the Clermont location; describing their working conditions and Defendant's overtime policies; stating that they were not paid for overtime hours worked; stating that there were between eight and thirty other Billing Representatives working there while they worked there; and asserting that they expect that other current and former Billing Representatives would want to join this litigation unless they were afraid to do so. (Doc. 25-1). Plaintiff Gear further states that Karolyn Ward, a former Billing Representative has expressed interest in joining this lawsuit. (Doc. 25-1 at 6). In addition, the record reflects that two other Billing Representatives – Laura Peake and Terry Rode –have already filed consent documents reflecting their desire to join in this action. (Docs. 23, 31).

Although there is not a specific number requirement for the notice stage, the presence of three plaintiffs and two opt-in plaintiffs (and the identification of at least one other potential plaintiff) satisfies me that others desire to join in the action. *See, e.g., Gonzalez v. TZ Ins. Solution, LLC,* No. 8:13-cv-2098-T-33EAJ, 2014 WL 1248154, *2 (M.D. Fla. March 26, 2014) (five opt-in plaintiffs, all of whom filed declarations, was sufficient to show that others want to opt in); *Robbins–Pagel v. WM. F. Puckett, Inc.,* No. 6:05–cv–1582–Orl–31DAB, 2006 WL 3393706 (M.D. Fla. Nov. 22, 2006) (three affidavits alleging claims of unpaid overtime was sufficient to establish that other individuals were interested in joining the action); *Guerra v. Big Johnson Concrete Pumping, Inc.*, No. 05-14237-CIV, 2006 WL 2290512, at *4 (S.D. Fla. May 17, 2006) (existence of one other co-worker who desires to join is sufficient to "rais[e] the Plaintiff's contention beyond one of pure speculation"); *see also* Doc. 29 at 11 ("Vista acknowledges that

there are cases granting certification with just one opt-in plaintiff . . . ."). Accordingly, I submit that Plaintiffs have also met their burden at this initial notice stage of demonstrating a reasonable basis that other employees seek to join the action.[2]

### C. Authorization of Notice to Class

Plaintiffs have submitted their proposed "Notification to Potential Class Members" and the associated "Consent to Become Opt-In Plaintiff." (Doc. 25-2). Defendant objects to certain aspects of the proposed notice and consent-to-join forms.

**1. Content of Class Notice**

Court-authorized notice in a class action context helps to prevent "misleading communications" and ensures that the notice is "timely, accurate, and informative." *Hoffmann–La Roche, Inc. v. Sperling,* 493 U.S. 165, 171 (1989). The form and content of court-authorized notice is within the Court's discretion. *Harris v. Performance Transportation, LLC,* No. 8:14-cv-2913-T-22EAJ, 2015 WL 1257404, at *5 (M.D. Fla. March 18, 2015).

Defendant raises several concerns regarding the content of the proposed notice, including that it: (1) fails to adequately notify potential class members of the risks associated with opting into this action; (2) improperly mentions retaliation; and (3) states that the "Court has permitted Plaintiffs to send notice," which according to Defendant gives the impression of the Court's approval. Plaintiffs have not responded to these arguments and Defendant has requested an opportunity to submit revised notice and consent to join forms. (Doc. 29 at 11 n.5). Because I believe these issues can be resolved by the parties, counsel should be directed to confer and file revised forms for the Court's approval.

---

[2] While Defendant has cited a few cases in which courts have concluded that plaintiffs have failed to show a reasonable basis that other employees would seek to join the action, those cases do not change my conclusion that Plaintiffs have met their burden here.

### 2. Dissemination of Class Notice

Plaintiffs seek leave to deliver the notice and consent to join forms via first class mail, email, and by posting the notice at Defendant's Clermont location. "Courts in this district have found that first class mail is ordinarily sufficient to notify class members and that, without circumstances to warrant otherwise, one notice is enough." *Harris v. Performance Transp., LLC*, No. 8:14-cv-2913-T-23EAJ, 2015 WL 1257404, at *5 (M.D. Fla. Mar. 18, 2015). In addition, posting the notice at a defendant's business has generally been permitted when a defendant provides an inadequate list of names to the plaintiff or has otherwise failed to cooperate in the litigation. *See Gonzalez v. TZ Ins. Solutions, Inc*., No. 8:13-cv-2098-T-33EAJ, 2014 WL 1248154, at *6 (M.D. Fla. Mar. 26, 2014). Here, Plaintiffs have failed to offer any explanation as to why three alternative modes of delivery are necessary. In the absence of any showing that additional notice is warranted, I submit that notice should be sent solely via first class mail. Moreover, I see no reason to authorize a second mailing of the notice half way through the opt-in period. *See Pittman v. Comfort Systems USA (Southeast), Inc.* 8:12-cv-2142-T-30TGW, 2013 WL 525006, at *2 (M.D. Fla. Feb 13, 2013) (concluding a reminder postcard was inappropriate).

Finally, the parties disagree as to the duration of the notice period. Plaintiffs request a ninety-day period from the date the notices are initially mailed to file the consent-to-join forms. Defendant argues that a 30-day period is more reasonable given the small size and local nature of the putative class. However, courts routinely grant ninety-day opt-in periods. *See e.g., Isaacs v. One Touch Direct, LLC*, No. 8:14-cv-1716-T-30EAJ, 2015 WL 248658, at *3 (M.D. Fla. Jan. 20, 2015). Accordingly, I submit that a ninety-day period is appropriate.

## IV. RECOMMENDATION

In view of the foregoing, it is respectfully **RECOMMENDED** that:

1. Plaintiffs' Motion for Conditional Certification (Doc. 25) be **GRANTED**.

2. The following class be **CONDITIONALLY CERTIFIED** under 29 U.S.C. §216(b):

> All Billing Representatives who are or were employed by Vista Clinical Diagnostic, LLC at its Clermont, Florida location during the three years preceding the Court's Order conditionally certifying this case as a collective action, and who did not receive pay for all overtime hours worked in excess of forty hours within a workweek.

3. Defendant be directed to provide Plaintiffs' counsel the full name, dates of employment, last known address, and telephone number for each member of the putative class in a computer readable format.

4. The parties be directed to confer and submit for court approval revised notice and consent to-join forms.

5. Plaintiffs' counsel be authorized to distribute via first class mail the approved notice and consent to-join forms once the forms are approved by the Court.

6. Because the case is appropriate for conditional class certification, the case now qualifies as a Track Three case pursuant to Local Rule 3.05(c)(3). Thus, the Clerk should be directed to re-designate this case as a Track Three case.

ENTERED in Ocala, Florida on June 3, 2016.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:
Presiding District Judge
Counsel of Record